**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **JAEDON B.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 2:25-cv-00242-KFW** |
| | ) | |
| **FRANK BISIGNANO, Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant** | ) | |

**MEMORANDUM DECISION**[1]

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred by determining that he is no longer disabled during the continuing review process under 20 C.F.R. § 416.994(a). *See* Plaintiff's Brief (ECF No. 14). He argues that the presiding Administrative Law Judge (ALJ) incorrectly evaluated the record evidence, *see* Plaintiff's Brief at 1-3, and misapplied the law when conducting the required multistep evaluation process, *id.* at 5-6. For the following reasons, I affirm the Commissioner's decision.

**I. Background**

In October 2012, the Plaintiff was found to be disabled. Record (ECF No. 8) at 79-84. In March 2016, during the continuing disability review process, the Plaintiff's disability was found to have ceased. *Id.* at 95. This determination was

[1] The parties have consented to me presiding over all proceedings in this action including the entry of judgment. *See* ECF No. 13.

upheld upon reconsideration. *Id.* at 142-51. The Plaintiff proceeded to a hearing before an ALJ in August 2018. *Id.* at 52-78. In September 2018, the ALJ issued a decision finding that the Plaintiff was no longer disabled. *Id.* at 36-45. The Appeals Council denied Plaintiff's request for review. *Id.* at 11-13. The Plaintiff appealed to the District Court, where the case was voluntarily remanded upon a motion from the Commissioner. *Id.* at 775-81. Upon remand, the Appeals Council ordered the ALJ to obtain evidence from "Steve Engles at Behavioral Health" and to evaluate further whether any medical improvement had occurred.[2] *Id.* at 784-86. The ALJ held a new hearing in September 2023. *Id.* at 743-52. After which, the ALJ again concluded that the Plaintiff was no longer disabled as of March 1, 2016. *Id.* at 690-708. The Appeals Council denied the Plaintiff's request for review, *see id.* at 678-84, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 416.1481.

## II. Discussion

I affirm the Commissioner's decision for two reasons. First, the Plaintiff is represented by his father, which is allowed in proceedings before the ALJ but not on appeal to the District Court. *See* Plaintiff's Brief at 1; Record at 709-12. Second, regardless of whether the Plaintiff proceeded with representation, the ALJ's decision properly applied the law and is supported by substantial evidence in the record.

Under First Circuit precedent, the Plaintiff cannot be represented by his father in court proceedings. Although non-attorney representatives are permitted in

[2] As pointed out in the Plaintiff's Brief, Steven Engles is Steven Blancharg at Angelz Behavioral Health. Plaintiff's Brief at 1. The ALJ received the relevant records and referred to them in his decision. Record at 693-94, 697, 1143-73. The records indicate that the Plaintiff was discharged in April 2016, with no unmet needs. *Id.* at 694, 1156.

proceedings before the commissioner, they are not allowed in subsequent court proceedings. *See* 28 U.S.C. § 1654 (allowing appearance personally or by counsel); *Penkul v. Colvin*, No. 2:14-cv-00156-GZS, 2014 WL 7369504, at *2 n.2 (D. Me. Nov. 30, 2014) (rec. dec.) ("A person who is not an attorney may represent a claimant before the Social Security Administration, but may not represent another person in a court action."), *aff'd*, 2014 WL 7369504 (D. Me. Dec. 29, 2014); *American Contractors Indem. Co. v. Bill Whorff, Inc.*, No. 2:10-cv-434-DBH, 2012 WL 893076, at *1 (D. Me. Mar. 14, 2012) ("A parent who is not a licensed attorney may not represent her child in a civil action . . . ."); *Hickey v. Wellesley School Comm.,* 14 F.3d 44 (table), 1993 WL 527964 at *2 n.1 (1st Cir. Dec. 21, 1993) (saying the same for adult children); *Clauden v. Commissioner of Soc. Sec.,* No. 4:10CV00034, 2011 WL 2003445 at *1 (W.D. Va. May 24, 2011) (listing the "vast majority" of circuit courts of appeal that concluded non-attorney parents cannot litigate the claims of their minor children in court). Accordingly, this appeal cannot proceed with the Plaintiff's father as a representative.[3]

In addition to determining that the father cannot represent the Plaintiff, I also conclude that the Commissioner's decision is supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that

[3] Although the Plaintiff signed the complaint in this case, Complaint (ECF No. 1) at 4, the briefing expressly states that the Plaintiff's father is representing him on appeal. Plaintiff's Brief at 1. Thus, dismissal is appropriate because a parent cannot represent their child in court. *Bryan S. v. Kijakazi*, No. 2:22-cv-00221-NT, 2023 WL 3493958, at *3 n.5 (D. Me. May 17, 2023) (rec. dec.), *aff'd*, 2023 WL 4082943 (D. Me. June 20, 2023). Nevertheless, because the Commissioner addressed the merits of the ALJ's determination, I address them as well.

a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

During the continuing disability review process, ALJs use an eight-step evaluation process to determine whether the Plaintiff remains disabled. 20 C.F.R. § 416.994(b)(5). After each step, the ALJ must determine whether the disability continues. *See id.* Here, at step-five, the ALJ determined that the Plaintiff had medical improvement and that his remaining impairments are no longer severe. Record at 695-99. To make this determination, the ALJ used the October 2012 disability determination as the comparison-point decision. *Id.* at 695-99. That decision identified marked limitations in social functioning and maintaining concentration, persistence, and pace. *Id.* at 79-84. As of March 2016, however, the ALJ identified medical evidence that no longer supported significant functional limitations and instead determined that the Plaintiff had improved and that his remaining impairment did not cause more than a minimal impact on his ability to perform basic work activities. *Id.* at 695-99; *see also* 20 C.F.R. § 416.905 ([Y]ou must have a severe impairment(s) that makes you unable to do your past relevant work . . . ."); 20 C.F.R. § 404.1522 ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").

This determination is supported by substantial record evidence including the Plaintiff's hearing testimony, a report from consultative examiner Donna M. Gates, Ph.D., a continuing disability review analysis from Brian Stahl, Ph.D., and the

Plaintiff's treatment records. *Id.* at 67-78, 649-53, 675-76. During the consultative exam, the Plaintiff told Dr. Gates that he no longer felt disabled after he stopped taking psychiatric medication at age eighteen.[4] *Id.* at 650. The Plaintiff described his life as normal, but he worried his life was not where it should be and said he felt capable of doing most types of work. *Id.* at 649. Dr. Gates observed some nervousness, but the Plaintiff maintained normal eye contact and had "a sweet, soft-spoken and personally uncertain demeanor." *Id.* at 651. Dr. Gates described the Plaintiff's thought process as logical and goal-oriented. *Id.* The Plaintiff repeated four out of four words both immediately and after a short delay. *Id.* The Plaintiff was also able to complete serial threes backward from thirty "rapidly, confidently, and more boldly than his interactive communication." *Id.* Dr. Gates opined that the Plaintiff would likely follow work rules and relate adequately to others, and that although he has a slightly slow response style, he would probably be well liked in the work setting because of his sweet demeanor. *Id.*

Dr. Stahl's continuing disability review analysis found medical improvement. *Id.* at 675. And that following stabilization during a recent emergency room visit, that was likely related to stress induced from a law enforcement encounter (and potentially intoxication), the Plaintiff was "totally different, very lucid, normal mental status." *Id.* at 676 (cleaned up). This is consistent with Plaintiff's primary care treatment records. The ALJ cited notes from the Plaintiff's primary care

[4] The Plaintiff expressed concern to Dr. Gates that he is going to get in trouble for receiving social security benefits. *Id.* at 650. He said, "really! I am always on edge thinking I am taking these benefits and I don't feel I should be. It wasn't my idea to take them. I am worried they won't just take them away but penalize me for fraud." *Id.*

provider indicating consistent normal mental status examinations. *Id.* at 1080, 1091, 1099, 1107, 1113, 1123, 1128. The primary care provider also noted that the Plaintiff's autism had been stable for years, and that he presented with a normal mood, behavior, dress, speech, motor activity, and thought process at his annual appointments. *Id.* at 1113, 1126. The ALJ also noted that the annual visit notes did not include mention of mental health issues or complications. *See, e.g.*, *id.* at 1080, 1091, 1099, 1107, 1113, 1123, 1128.

Finally, between the ALJ's October 2012 disability determination and the cessation of disability in March 2016, the Plaintiff moved out of his childhood home, obtained a driver's license, got married, and moved into an apartment with his wife.[5] *id.* at 67-78, 735-738, 1079. Thus, the ALJ properly supported his determination with record evidence. He did not mischaracterize the evidence or misapply the law as the Plaintiff argues. *See* Plaintiff's Brief at 1, 3-4.

## III. Conclusion

For the foregoing reasons, **AFFIRMED**.

Dated: September 24, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

[5] The Plaintiff's daily routine consists of eating breakfast, doing yoga, personal hygiene, and sometimes going to the gym. Record at 737-38.